# EXHIBIT 3

COPY

MAR 1 0 2026

COURT SEAL SUPERIOR COURT IN MARICOPA CO. State of Arizona

CLERK OF THE SUPERIOR COURT
R. MATTHEWS
DEPUTY CLERK

Portia Ellen Petty
870 S. Sarival Avenue
Arizona, AZ 85338
609-202-7773
portiapetty@gmail.com
Plaintiff, Pro Se

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | | |
|---|---|---|
| Portia Ellen Petty, | ) | Case No: CV2026-007855 |
| Plaintiff, | ) | |
| vs. | ) | **SECOND AMENDED COMPLAINT** |
| | ) | **FOR DISABILITY DISCRIMINATION** |
| | ) | **UNDER THE AMERICAN DISABILITIES** |
| State of Arizona, | ) | **ACT** |
| Defendant. | ) | |
| | ) | |

Portia Ellen Petty, proceeding pro se, alleges:

# I. JURISDICTION AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

1. This action arises under the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq.

2. Plaintiff timely filed January 29, 2026 a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) alleging disability discrimination by Defendant.
3. The EEOC issued Plaintiff a Notice of Right to Sue dated January 29, 2026.
4. Plaintiff has therefore exhausted all administrative remedies required under federal law prior to file this action.
5. This action arises under the Americans with Disabilities Act, 42 U.S.C. § 12112.
6. This Court has jurisdiction pursuant to 28 U.S.C. § 1331.
7. Venue is proper in this District under 28 U.S.C. § 1391.

## II. PARTIES

8. Plaintiff, Portia Ellen Petty, resides in Goodyear, Arizona.
9. Defendant, State of Arizona is an employer within the meaning of the ADA.

## III. FACTUAL ALLEGATIONS

10. Plaintiff was employed by Defendant as a Certified Educational Program Teacher (CEPT).
11. In March 2025, Plaintiff informed her supervisor that she was experiencing significant anxiety, psychological distress, and trauma-related symptoms that were impacting her ability to work in certain environments.
12. Plaintiff disclosed limitations affecting her ability to function safely and requested

reasonable accommodation.

13. Plaintiff specifically expressed concern about assignment to the Sexual Offender Unit due to trauma-related triggers and safety fears.

14. Plaintiff's fear was based in part on knowledge that a male teacher had previously been physically assaulted and knocked unconscious in an unmonitored hallway within that same unit.

15. This prior violent incident significantly heightened Plaintiff's anxiety regarding assignment to that location.

16. Despite prior notice of Plaintiff's limitations and concerns, Defendant assigned Plaintiff to the Sexual Offender Unit on April 17, 2025.

17. Defendant did not meaningfully engage in the interactive process or offer reasonable alternative accommodation.

18. On April 17, 2025, while at work, Plaintiff experienced extreme psychological distress and acute anxiety symptoms.

19. On that same date, Plaintiff suffered a cardiac event requiring medical attention.

20. Following the incident, Plaintiff was formally diagnosed with Post-Traumatic Stress Disorder (PTSD) related to workplace trauma.

21. Plaintiff has required ongoing medical and psychological treatment.

22. Defendant's failure to accommodate Plaintiff's known limitations resulted in severe emotional distress, physical injury, worsening psychological symptoms, and impairment of Plaintiff's ability to continue working.

23. Plaintiff received a Right to Sue Notice from the Equal Employment Opportunity Commission dated January 29, 2026.

24. This action is timely filed.

## IV. CAUSE OF ACTION

Violation of the Americans with Disabilities Act (42 U.S.C. § 12112)

25. Plaintiff incorporates paragraphs 1-7 and 10-24.

26. Plaintiff was a qualified individual with a disability within the meaning of the ADA.

27. Defendant had notice of Plaintiff's mental health limitations as of March 2025.

28. Defendant failed to provide reasonable accommodation.

29. Defendant failed to engage in the required interactive process.

30. Defendant discriminated against Plaintiff because of her disability.

31. As a direct and proximate result, Plaintiff suffered emotional distress, physical injury

including a cardiac event, exacerbation of PTSD, loss of income, and diminished quality of life.

## V. DAMAGES

32. Plaintiff seeks compensatory damages in the amount of $275,000.

33. Plaintiff further seeks back pay, front pay, equitable relief, costs of suit, and such other relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted this 10 day of 3, 2026.

Portia Ellen Petty

Plaintiff, Pro Se

870 S. SARIVAL AVENUE, APT 139

Goodyear, Arizona 85338

portiapetty@gmail.com

609-202-7773